```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION
```

| | | |
|---|---|---|
| KEVIN JEROME BIBBS, | § | |
| (TDCJ # 1078337), | § | |
|     Petitioner, | § | |
| VS. | § | CIVIL ACTION NO.4:05-CV-299-Y |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, | § | |
| T.D.C.J., Correctional | § | |
| Institutions Div., | § | |
|     Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

B. PARTIES

Petitioner Kevin Jerome Bibbs, Texas Department of Criminal Justice (TDCJ) No. 1078337, is currently confined in the Coffield Unit in Tennessee Colony, Texas. The Director of the TDCJ Correctional Institutions Division is Respondent. No process has been issued to Respondent in this case.

C. LEGAL ANALYSIS

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[1]  The Court of Appeals for the Fifth Circuit recognized the district courts authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). After review of the petition under Rule 4 and under 28 U.S.C. § 2243, it appears the person detained has filed this petition beyond the applicable limitations period as set forth in 28 U.S.C. § 2244. *See generally Kiser,* 163 F.3d at 329 (noting that although the § 2244 statute of

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243(emphasis added).  Rule 4 of the Rules Governing Section 2254 Cases provides:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. *If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.*

RULES GOVERNING SECTION 2254 CASES, RULE 4(emphasis added).

limitations is an affirmative defense, it is appropriate for a district court to raise and consider such defense sua sponte).

By this action, petitioner Kevin Jerome Bibbs challenges his November 28, 2001 conviction for aggravated assault with a deadly weapon, case number 0774063-A, in the Criminal District Court Number Two of Tarrant County, Texas. (Pet. at ¶¶ 1-4.) Bibbs's conviction was affirmed on direct appeal by the Court of Appeals of Texas, Second District, on November 14, 2002, and Bibbs did not file a petition for discretionary review ("PDR").[2] (Pet. at ¶ 9.) Bibbs then filed a state application for writ of habeas corpus in state district court on October 13, 2003, and it was ultimately denied without written order by the Texas Court of Criminal Appeals on November 12, 2003.[3]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposed for the first time a statute of limitations on federal petitions for writ of habeas corpus filed by state

---

[2] Records of the Texas Court of Criminal Appeals (TXCCA) indicate that although Bibbs sought and was granted an extension of time to file a PDR until February 14, 2003, no PDR was filed. The Court takes judicial notice of the record of Bibbs's request for an extension to file a PDR for case number PD-2200-02 at the TXCCA on its website www.cca.courts.state.tx.us/opinions.  *See generally* FED. R. EVID. 201; *see also Zimmerman v. Spears,* 565 F.2d 310, 312 (5th Cir. 1977)(judicial notice taken of earlier habeas proceedings in different court).

[3] The Court also takes judicial notice of the relevant dates of record of the state writ application proceeding in the office of the Tarrant County District Clerk provided in its response to this Court's inquiry as shown in Exhibit 1. The Court also has confirmed and takes judicial notice of the disposition of Bibbs's writ application in the TXCCA though a search on its website www.cca.courts.state.tx.us/opinions for writ application number WR-57,407-01.

3

prisoners.[4]  This limitations provision, codified at  28 U.S.C. § 2244(d)(1)-(2), provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.[5]

Although petitioner Bibbs was convicted in November 2001, the limitation period begins on the date on which his judgment of conviction became final by the conclusion of direct review or the

---

[4] In Title I of the AEDPA, sections 101-106 amend § 2244 and §§ 2253-2255 of chapter 153, Title 28, United States Code, governing all habeas corpus proceedings in the federal courts.  110 Stat.  1217-1221.  The amendments to chapter 153 apply only to cases filed on or after the date the AEDPA was signed into law.  *Lindh v. Murphy,* 521 U.S.  320, 326  (1997).

[5] 28 U.S.C.A. § 2244 (d)(1)-(2)(West Supp. 2004).

4

expiration of the time for seeking such review. Afer Bibbs's conviction was affirmed on direct appeal, he was granted an extension of time under Texas law[6] by the TXCCA, until February 14, 2003, to file a PDR. When the petitioner has obtained an extension of time to file a PDR, such additional time necessarily extends the period for seeking further review and delays the finality of judgment under § 2244(d)(1)(A).[7] Thus, one year from the date on which Bibbs's judgment of conviction became final was February 14, 2004.[8] Bibbs's petition under 28 U.S.C. § 2254 was not file stamped in federal district court until May 11, 2005.[9]

If a state prisoner files an application for state post-conviction or other collateral review, the time taken to pursue that remedy is not counted toward the one-year limitation period.[10]

---

[6] TEX. R. APP. P. 68.2(c).

[7] *See Diaz v. Dretke,* No. 5:03-CV-236-C, 2004 WL 691213 at *4 (N.D.Tex. March 31, 2004)(quoting *Salinas v. Dretke,* 354 F.3d 425, 428 (5th Cir.),*cert. den'd,* 124 S.Ct. 2099 (2004)("In Texas, a PDR is considered to be part of the direct review process, which ends when the petition is denied or when the time available for filing the petition lapses"); *see also Valdez v. Dretke,* No.3:02-CV-1755-L, 2004 WL 2847829, at *2 (N.D.Tex. Dec. 9, 2004), *report and recommendation adopted,* 2005 WL 177844 (N.D.Tex. Jan. 26, 2005).

[8] *See Flanagan,* 154 F.3d at 201-02 (applying the directive in Federal Rule of Civil Procedure 6(a) regarding not counting the day of an act or event in computing a time period, to the computation of the AEDPA one-year limitation period).

[9] A pro se prisoner's habeas corpus petition is constructively filed, for the purposes of the AEDPA, when the prisoner delivers the papers to prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998); *see also Sonnier v. Johnson,* 161 F.3d 941, 944-45 (5th Cir. 1998). A letter submitted with Bibbs's petition is dated April 29, 2005, as is the application to proceed in forma pauperis. Thus April 29 is the earliest date on which this § 2254 petition could be deemed filed under the mailbox rule.

[10] 28 U.S.C.A. § 2244(d)(2)(West Supp. 2001).

5

Thus, for each day that a properly filed application for state post-conviction or other collateral review is pending, the limitation period is extended. Bibbs's state application was pending for 31 days, from the October 13, 2003 date he filed the application in state trial court until November 12, 2003, the date the Texas Court of Criminal Appeals denied the application. Extending the one-year limitation period by the total of 31 days would have allowed petitioner Bibbs until March 16, 2004, to timely file a § 2254 petition in compliance with 28 U.S.C. §§ 2244(d)(1) and (d)(2). Petitioner Bibbs did not file this federal habeas corpus petition within the time provided under § 2244(d).[11]

It plainly appears from the face of the petition for writ of habeas corpus, and records of which the Court can take judicial notice, that petitioner Bibbs's § 2254 petition was filed beyond the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1), and beyond the time period not counted under § 2244(d)(2) due to the pendency of the state application for writ of habeas corpus. Under the circumstances, summary dismissal is appropriate.

RECOMMENDATION

---

[11] Of course, § 2244(d)(1) lists three other dates upon which the limitations period might otherwise commence, but Bibbs has not claimed that any of the necessary circumstances apply to his petition, and none of the substantive grounds asserted by Bibbs causes the Court to believe that any of the other respective limitations-commencement categories applies. *See* 28 U.S.C.A. § 2244(d)(1)(B)-(D)(West Supp. 2004).

It is therefore RECOMMENDED that Kevin Jerome Bibbs's petition for writ of habeas corpus under 28 U.S.C. § 2254 be summarily DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until June 28, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific written objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge.[12]

### ORDER

---

[12] *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc); *Carter v. Collins*, 918 F. 2d 1198, 1203 (5th Cir. 1990).

7

Under 28 U.S.C. § 636, it is ORDERED that Petitioner is granted until June 28, 2005 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, returned to the docket of the United States District Judge.

SIGNED June 7, 2005.

                                        /s/ Charles Bleil  
                                        CHARLES BLEIL  
                                        UNITED STATES MAGISTRATE JUDGE